Bethany G. Lukitsch, Bar No. 314376
blukitsch@bakerlaw.com
Andrew C. Burnquist, Bar No. 359076
aburnquist@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Michael A. Kushner, Bar No. 335840
mkushner@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Blvd, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

Attorneys for Defendants
LOWE'S COMPANIES, INC. and
LOWE'S HOME CENTERS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUSTIN BRADSHAW, and GUSTAVO LOPEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LOWE'S COMPANIES, INC., a North Carolina corporation, and LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,

Defendants.

Case No.: 3:25-cv-00742-DMS-MMP

[*Assigned to the Hon. Dana M. Sabraw*]

**DEFENDANTS LOWE'S COMPANIES, INC. AND LOWE'S HOME CENTERS, LLC's REPLY TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT (CAL. PENAL CODE § 638.51)**

[*Filed concurrently with Evidentiary Objections to Josefson Declaration*]

Date: July 18, 2025
Time: 1:30 p.m.
Courtroom: 13A

Action Filed: March 28, 2025

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiffs Have Not Established Personal Jurisdiction Over Lowe's Companies, Inc. .......... 2

B. Plaintiffs Have Not Established Article III Standing. .......... 4

C. Plaintiffs Fail to State a Cause of Action Under Section 638.51. .......... 7

D. Plaintiffs' Remaining Arguments Fail. .......... 9

III. CONCLUSION .......... 10


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Autobidmaster, LLC v. Alpine Auto Gallery* (D. Or. May 19, 2015), No. 3:14-cv-1083-AC, 2015 WL 2381611 .......... 2

*U.S. v. Bestfoods* (1998), 524 U.S. 51 .......... 3

*Briskin v. Shopify, Inc.* (9th Cir. 2025), 135 F.4th 739 .......... 10

*Bryan v. City of Carlsbad* (S.D. Cal. 2018), 297 F.Supp.3d 1107 .......... 10

*Burri Law PA v. Skurla* (9th Cir. 2022), 35 F.4th 1207 .......... 2

*Carolus v. Nexstar Media Inc.* (N.D. Cal. Apr. 9, 2025), No. 24-cv-07790-VC, 2025 WL 1338193 .......... 7

*Cordero v. Sportsman's Warehouse, Inc.* (D. Utah Apr. 15, 2025), No. 2:24-CV-575-DAK-CMR, 2025 WL 1114196 .......... 7

*DoubleClick Inc. Priv. Litig.* (S.D.N.Y. 2001), 154 F. Supp.2d 497, 508-09 .......... 9

*Garcia v. Build.com, Inc.* (S.D. Cal. July 13, 2023), No. 22-cv-01985-DMS-KSC, 2023 WL 4535531 .......... 4

*GeoSolutions B.V. v. Sina.com* (N.D. Cal. 2023), 700 F.Supp.3d 821 .......... 2

*Heiting v. FKA Distributing Co.* (C.D. Cal. Feb. 3, 2025), No. 2:24-cv-07314-HDV-AGR, 2025 WL 736594 .......... 6

*Khamooshi v. Politico LLC* (N.D. Cal. May 13, 2025), No. 24-cv-07836-SK, 2025 WL 1408896 at *4 .......... 5, 7

*Kishnani v. Royal Caribbean Cruises Ltd.* (N.D. Cal. June 24, 2025), No. 25-cv-01473-NW, 2025 WL 1745726 .......... 6

*Miami Prod. & Chem. Co. v. Olin Corp.* (W.D.N.Y. 2021),
545 F.Supp.3d 1 .......... 3

*Mitchener v. Talkspace Network, LLC* (C.D. Cal. June 27, 2025),
No. 2:24-cv-07067-JAK, 2025 WL 1822801 .......... 6

*Moody v. C2 Educ. Sys. Inc.* (C.D. Cal. 2024),
742 F.Supp.3d 1072 .......... 8, 9

*Ranza v. Nike* (9th Cir. 2015),
793 F.3d 1059 .......... 2

*Santa Clarita Valley Water Agency v. Whittaker Corp.* (9th Cir. 2024),
99 F.4th 458 .......... 9

*Sparshott v. Feld Ent., Inc.* (D.C. Cir. 2002),
311 F.3d 425 .......... 9

*TransUnion LLC v. Ramirez* (2021),
141 S. Ct. 2190 .......... 4

*Wakefield v. ViSalus, Inc.* (9th Cir. 2022),
51 F.4th 1109 .......... 4, 5

**State Cases**

*Goodman v. Lozano* (Mar. 30, 2010),
47 Cal. 4th 1327 .......... 9

*McCarther v. Pac. Telesis Grp.* (2010),
48 Cal. 4th 104 .......... 9

*Walt Disney Parks & Resorts U.S., Inc. v. Superior Ct.* (2018),
21 Cal. App. 5th 872 .......... 9

**Federal Statutes**

47 U.S.C. § 227 (Telephone Consumer Protection Act) .......... 4

**State Statutes**

Cal. Penal Code § 631 .......... 4

Cal. Penal Code § 631(a) .......... 9

Cal. Penal Code § 638.50 .......... 8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Cal. Penal Code §§ 638.50(b), (c) .......... 5

Cal. Penal Code § 638.51 .......... *passim*

Cal. Penal Code § 638.52 .......... 1, 7

Cal. Penal Code § 638.53 .......... 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp." or "Opposition") to Lowe's Companies, Inc. ("Lowe's Companies") and Lowe's Home Centers, LLC ("Lowe's Home Centers") (collectively, "Lowe's") Motion to Dismiss ("Motion") does not overcome the deficiencies highlighted by the Motion. The Motion should be granted and the FAC should be dismissed with prejudice for the following reasons.

*First*, Plaintiffs fail to establish personal jurisdiction over Lowe's Companies. The Opposition does not identify, or even attempt, the controlling personal jurisdiction test, instead adopting a one-sentence snippet from an unbinding, out-of-state ruling to justify their end goal. Because they have not proven general or specific personal jurisdiction, and the purported ties Plaintiffs identify are no more than normal parent/subsidiary generalities, no personal jurisdiction exists.

*Second,* Plaintiffs have not established Article III standing. Their attempt to distill standing into an overly simplistic (and inapplicable) procedure fails. While this Court has found that an allegation of a purely statutory violation sufficed for standing on a CIPA wiretapping claim, the same reasoning does not apply to pen registers or trap and trace devices that collect unidentifiable and non-private information.

*Third,* Plaintiffs' broad reading of a "trap and trace device" lacks support and does not address Section 638.51's "court order" requirement and corollary Section 638.52's numerous references to "telephones." Because Section 638.51 limits the use of trap and trace devices without a court order, and it would be impossible to obtain a court order for a trap and trace device *without* identifying the telephone number or telephone line at issue—the only devices covered under the statute are those that can be used or connected to a telephone. In short, as confirmed by CIPA's plain language and legislative history, Section 638.51 does not apply to non-telephonic website technology like the code at issue here.

*Lastly,* because Plaintiffs have not refuted the consent exemption of Lowe's under Section 638.51, have not established Lowe's' intent to violate CIPA, and have

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

not put each defendant on fair notice of the allegations against them, the Motion must be granted and the case must be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs Have Not Established Personal Jurisdiction Over Lowe's Companies, Inc.

Plaintiffs' Opposition applies an incorrect standard to analyze whether this Court has personal jurisdiction over Lowe's Companies. Plaintiffs argue for personal jurisdiction on the basis that Lowe's Companies "controlled or was otherwise affiliated with" the Website that purportedly used the technology. Opp. 8:17-18, 9:1-6. Because this "standard" is simply one sentence extracted from an unpublished, out-of-state, and non-binding district court opinion, *Autobidmaster, LLC v. Alpine Auto Gallery*, it is not the controlling standard that binds this Court.[1] No. 3:14-cv-1083-AC, 2015 WL 2381611 (D. Or. May 19, 2015).

The Ninth Circuit has maintained that, for inquiries into personal jurisdiction with multiple defendants, "the jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *See e.g., Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022) (quot. omitted). Even a parent-subsidiary relationship, like the one here between Lowe's Companies and Lowe's Home Centers, "is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *GeoSolutions B.V. v. Sina.com*, 700 F.Supp.3d 821, 826 (N.D. Cal. 2023) (citing *Ranza v. Nike*, 793 F.3d 1059, 1070 (9th Cir. 2015)).

Plaintiffs have not *attempted* to pass this test. They do not allege that Lowe's Companies is subject to general jurisdiction or specific jurisdiction. They have not identified what actions Lowe's Companies purposefully conducted in California and

[1] *Autobidmaster* is inapplicable to our current facts. There, the co-defendant subject to the personal jurisdiction inquiry admitted to control or affiliation of the website at issue "through a contract or by other means." *Id.* at *2. Here, Lowe's Companies denies control or affiliation of the Website entirely.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

whether those contacts relate to the Website. And notably, they have not identified what specific actions Lowe's Companies took versus Lowe's Home Center's conduct. These oversights are fatal to their personal jurisdiction argument.

Even assuming, *arguendo*, that this Court adopts the *Autobidmaster* "standard" and would find personal jurisdiction over Lowe's Companies if Plaintiffs established its control or affiliation with the Website, Plaintiffs' tenuous links of Lowe's Companies to the Website identified in the Opposition fall short:

*First*, Plaintiffs proffer evidence from an unverified website showing that the Website's "tech administrator" is Lowe's Companies. Aside from the fact that no foundation or authenticity has been established (*see* Evidentiary Objections to Josefson Declaration), this listing is not indicative of control over the Website. Listing parent Lowe's Companies as the tech administrator simply allows it to provide comprehensive solutions and consistency for the entire organization. This assignment, even if verified, does not directly indicate Lowe's Companies controls the Website.

*Second*, that Lowe's' U.S. Privacy Statement includes Lowe's Companies is not convincing to show Website control. The Privacy Statement covers the entire family of companies. Lowe's Companies' coverage under the Privacy Statement does not evidence their direct and hands on management and control of Website conduct.

*Third*, references to high-level officers employed by the parent company do not infer their control over every aspect of departments at the subsidiary level. An officer providing general oversight to a department is not assumed to operate all functions it oversees or have direct involvement in subsidiary's operations. The Supreme Court has spoken on this issue when assessing liability of parent companies for subsidiary function, finding that "monitoring the subsidiary's performance" is normal parent corporation behavior that does open a parent company to liability for subsidiary conduct. *U.S. v. Bestfoods*, 524 U.S. 51, 72 (1998); *see Miami Prod. & Chem. Co. v. Olin Corp.*, 545 F.Supp.3d 1, 15 (W.D.N.Y. 2021) ("providing advice

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and guidance is very different than exercising control”). Plaintiffs have not provided case law to show control in this situation.

Fourth, the CEO’s report of a subsidiary’s function on an *earnings call* does not evidence control over that function. Applying that logic, a CEO reporting on anything the company and its subsidiaries do would imply direct operational control over everything he reports. Plaintiffs lack case law to support this leaping assumption.

Because Plaintiffs have not established personal jurisdiction over Lowe’s Companies, this Court must dismiss Lowe’s Companies with prejudice.

**B. Plaintiffs Have Not Established Article III Standing.**

Plaintiffs’ standing argument suffers from the same flaw as their personal jurisdiction argument: they have failed to apply the controlling inquiry for standing.

The Opposition attempts to distill standing into an overly simplistic procedure: since Plaintiffs allege (1) visiting the Website and (2) that Lowe’s captured their information while visiting the Website, no “additional information [is required] to establish standing.” Opp., 17:15-21. This incomplete analysis wholly sidesteps the standing inquiry requiring identification of a “close … common law analogue” to any intangible harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Plaintiffs’ failure to *identify* such an analogue is fatal to establishing standing.

The Opposition cites *Garcia v. Build.com, Inc.*, where this Court found that invasion of privacy, intrusion upon seclusion, and nuisance are common law analogues to a CIPA Section 631 wiretapping violation. No. 22-cv-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) (Sabraw, J.). There, the defendant allegedly intercepted communications between website visitors and the website’s automated chat feature that allows visitors to ask questions about defendant’s products and services. *Id.* at *1. The court analogized *Wakefield v. ViSalus, Inc.* which found that a Telephone Consumer Protection Act violation for unwanted telephone calls had close common law analogues in invasion of privacy, intrusion upon seclusion, and nuisance pertaining to defendant’s alleged wiretapping practices. 51 F.4th 1109 (9th

Cir. 2022). *Garcia* reasoned that the alleged CIPA wiretapping injury was also "sufficiently similar" to the traditional claims of invasion of privacy, intrusion upon seclusion, and nuisance. *Garcia*, 2023 WL 4535531, at *4.

However, this reasoning cannot be imparted to a CIPA 638.51 pen register or trap and trace offense given that the alleged "privacy" harm here is much less intrusive than a wiretapping or unsolicited communication harm. The *Garcia* defendant collected *communications* regarding products and services, opening the door to the potential collection of personal, identifying information that was communicated to the chat feature. Here, no such concern exists. As Plaintiffs allege, the website technology collected from them "IP addresses, unique identifiers, the Microsoft ID, timestamps, and device and browser information". Opp. 18:16-19. This is a far-cry privacy-wise from the collection of *communications*, which the Legislature envisioned pen registers ***would not collect***. *See Act of Aug. 13, 2015, Hearing on A.B. 929 Before the Comm. on Pub. Safety*, 2015–16 Regular Sess. at 10-11 (Cal. Assemb. 2015) ("Unlike a wiretap authorization, pen registers . . . do not provide law enforcement with the content of messages which are transmitted."); Cal. Penal Code §§ 638.50(b), (c) (pen register and trap and trace device do not collect "contents of a communication").

A recent CIPA Section 638.51 decision adopted this exact reasoning. In *Khamooshi v. Politico LLC*, where plaintiff alleged a CIPA Section 638.51 violation, the court acknowledged that some cases sustained Article III standing simply through alleging a general CIPA violation. No. 24-cv-07836-SK, 2025 WL 1408896 at *4 (N.D. Cal. May 13, 2025). But the court highlighted a defining distinction between other CIPA cases and CIPA Section 638.51 cases: the other cases "largely involved information *implicating a privacy interest*" versus information like an IP address that is "not sufficiently private or personal to be analogous to the type of harm recognized in traditional privacy torts." *Id.* at *4-5 (emph. added). Specifically, *Khamooshi* differentiated a CIPA Section 638.51 violation from cases where chat conversations were collected. *Id.* It held that "these [other] cases [finding Article III standing] do

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

not address the issue presented here: allegations of a violation of CIPA that, even if true, do not amount to a cognizable privacy injury under Article III." *Id.* at *5.

This Court should adopt the same reasoning here. The Motion includes an abundance of case law finding that the information Plaintiffs allege was collected here, including IP address, browsing information, unique identifiers, cookies, and device details, are not sufficiently private to form the basis of a privacy injury. *See* Motion, Section IV.B.1. Even more, Lowe's invited Plaintiffs to provide details regarding their visits to the Website, including whether they made purchases, what devices they used, or whether they had TikTok or Microsoft accounts. Plaintiffs should have explained *specifically* what information was collected (rather than asserting ambiguous terms like "unique identifiers" and "browsing information") and how that information could be sufficiently private or identifiable, such that it is analogous to other, potentially more intrusive collections of information like chat communications. But Plaintiffs scoffed at the opportunity, instead dismissing the information that Lowe's requested as "equally irrelevant" to standing as "what [Plaintiffs] were wearing when they visited the Lowes Website, or what they had for breakfast that day." Opp. 17:24-27. This snarky response shows not only a misunderstanding of what is relevant for standing but emphasizes Plaintiffs' failure to adduce sufficiently private and identifiable information collected for standing purposes. *See Heiting v. FKA Distributing Co.*, No. 2:24-cv-07314-HDV-AGR, 2025 WL 736594 at *3 (C.D. Cal. Feb. 3, 2025) (finding no standing for Section 638.51 claim where "[plaintiff] fails to allege any basic facts from which the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information Defendant captured," among others).

In addition to the Motion's cited cases, *Khamooshi* is one of a surge of very recent cases finding that CIPA Section 638.51 allegations, on their own, do not satisfy Article III standing. *Mitchener v. Talkspace Network, LLC*, No. 2:24-cv-07067-JAK (BFMx), 2025 WL 1822801 (C.D. Cal. June 27, 2025); *Kishnani v. Royal Caribbean*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Cruises Ltd.,* No. 25-cv-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025); *Khamooshi*, 2025 WL 1408896; *Cordero v. Sportsman's Warehouse, Inc.*, No. 2:24-CV-575-DAK-CMR, 2025 WL 1114196 (D. Utah Apr. 15, 2025); *Carolus v. Nexstar Media Inc.*, No. 24-cv-07790-VC, 2025 WL 1338193 (N.D. Cal. Apr. 9, 2025); *see also* Motion, Section V.B. And while Lowe's acknowledges that some of the cases cited in the Opposition find Article III standing from a simple allegation of a Section 638.51 violation, the overwhelming weight of case law on this issue leans towards requiring allegations of sufficiently identifiable and private information collected.

In light of this reasoning, Plaintiffs have failed to establish standing.

### C. <u>Plaintiffs Fail to State a Cause of Action Under Section 638.51.</u>

The Opposition confirms that Plaintiffs' flawed interpretation of CIPA Section 638.51 entirely ignores the second part of the provision: "A person may not install or use a pen register or a trap and trace device *without first obtaining a court order pursuant to Section 638.52 or 638.53*." (emph. added). Those sections outline the procedures law enforcement *must* complete before using a trap and trace device. *See generally*, Opp. at 10:15-17:6. Plaintiffs also ignore the numerous references to telephones or telephone numbers in Section 638.52, which makes it impossible to obtain a court order for a trap and trace device—the only way to use such a device lawfully—without identifying the *telephone* number or *telephone line* at issue.

Yet, Plaintiffs argue in a short footnote that Section 638.51 *still* applies here simply because two unpublished cases, *Matera v. Google Inc.* and *Javier v. Assurance IQ, LLC,* advise interpreting CIPA (and not Section 638.51 specifically) broadly. Opp. at 11:3-13:1, n.10. Plaintiffs miss the point. Whether website technology fits within CIPA's broader definition of a "trap and trace device" does not end the analysis. Section 638.51 does not just make it *per se* unlawful to "install or use" a trap and trace device, it contains a purposeful modifier—it makes the use of such device unlawful "without first obtaining a court order pursuant to [Sections 638.52-53]." In other words, the Legislature explicitly *limited* the types of trap and trace devices prohibited

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*under Section 638.51* to only those that could be installed or used by court order—i.e., those that can be installed or used on a telephone line. Plaintiffs fail to explain why the Legislature would prohibit the use or installation of a trap and trace device on non-telephone technology, while simultaneously preventing the issuance of a court order for that device by requiring specific telephone information. This interpretation is nonsensical, would effectively make compliance with the statute impossible, and would render half of the Legislature's purposeful language entirely superfluous.

Furthermore, the cases cited by Plaintiff suffer from this same flawed reasoning. *See* Opp. at 11-14. For example, in each of these cases, the courts relied upon CIPA's "expansive" definitions of "trap and trace device" and "electronic communication" in holding that website technology *could* apply to Section 638.51. *See e.g.*, *Moody v. C2 Educ. Sys. Inc.*, 742 F.Supp.3d 1072, 1076 (C.D. Cal. 2024) ("Defendant fails to explain why the definitions under § 638.50 should be so limited given their references to 'wire or electronic communication.'"). However, in *Greenley*, *Moody*, *Conohan*, and *Zarif*, the courts did not fully analyze or even examine the impact of the "court order" requirement and the cross-referenced provisions within Section 638.51 itself. Even more concerning, none of these courts conducted a review of Section 638.51's legislative history to verify whether their interpretations aligned with legislative intent. *See id.* This analysis likely would have led the courts to a different result given the Legislature's clear intent to limit the application of Section 638.51 to telephone surveillance. For these reasons, the Court should disregard these district court decisions as both non-binding and unpersuasive.[2]

---

[2] Plaintiffs conveniently ignore the fast-growing number of California courts that have conclusively, and persuasively, rejected Plaintiff's expansive theory that website operators can be liable for using "trap and trace" devices on their own websites simply by utilizing analytics tools and advertising pixels. *See e.g., Casillas v. Transitions Optical, Inc. I* (Super. Ct. L.A. Cty., April 23, 2024 Minute Order, No. 23STCV30742); *Casillas v. Traveler's Choice* (Super. Ct. L.A. Cty., May 29, 2024 Minute Order, No. 24STCV01337); *Licea v. Hickory Farms LLC* (Super. Ct. L.A. Cty., March 13, 2024 Minute Order, No. 23STCV26148); *Levings v. Open Text Corporation* (Super. Ct. L.A. Cty., September 3, 2024 Minute Order, No.

To the extent this Court finds Section 638.51 ambiguous, it should review the statute's legislative history for clarity and guidance. *See McCarther v. Pac. Telesis Grp.*, 48 Cal. 4th 104, 116 (2010) ("Although the plain language of the statute is clear, an examination of [the statute's] legislative history confirms that the statute was not intended to broadly apply [.]"); *Goodman v. Lozano*, 47 Cal. 4th 1327, 1335 (2010), *as modified* (Mar. 30, 2010) (although statutory language was "plain" it was "helpful to look at [the statute's] legislative history"). Moreover, a review of the legislative history is particularly warranted given Plaintiffs' attempt to expand the definition of a "trap and trace" device to far exceed its use in the past. Ultimately, the legislative history demonstrates that the Legislature never intended Section 638.51 to apply to the website technology at issue here. *See* Motion at 20:10-25:23.

**D. Plaintiffs' Remaining Arguments Fail.**

Plaintiffs have failed to substantively respond to Lowe's' consent argument. The Court should not read Section 631(a)'s (and Plaintiffs') requirement that the consent of all parties must be obtained into Section 638.51, as Plaintiffs impliedly ask the Court to do. *See Walt Disney Parks & Resorts U.S., Inc. v. Superior Ct.*, 21 Cal. App. 5th 872, 879 (2018) (where Legislature "has chosen to include a phrase in one provision of the statutory scheme, but to omit it in another provision," courts "presume that the Legislature did not intend the language included in the first to be read into the second.").[3] Instead, Plaintiffs cite to one non-binding, sister court decision that acknowledged that an identical argument by the defendant there was "persuasive." *Moody*, 742 F.Supp.3d at 1077. Other district courts have found that a website operator can be a user of its own website under similar federal statutes. *Sparshott v. Feld Ent., Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002); *In re DoubleClick*

---

24STCV05440); *Casillas v. Transitions Optical, Inc. II* (Super. Ct. L.A. Cty., September 9, 2024 Minute Order, No. 23STCV30742).

[3] California rules of construction apply when Federal courts interpret California statutes. *Santa Clarita Valley Water Agency v. Whittaker Corp.*, 99 F.4th 458, 485 (9th Cir. 2024) ("When a federal court interprets a California statute it applies California canons of construction.").

*Inc. Priv. Litig.*, 154 F.Supp.2d 497, 508–09 (S.D.N.Y. 2001).

As to scienter, Plaintiffs argue that they need not show intent because other courts have not applied this requirement. But courts "cannot assume the role of advocates and create arguments never made." *Bryan v. City of Carlsbad*, 297 F.Supp.3d 1107, 1117 (S.D. Cal. 2018). That no court has addressed this argument does not make it invalid. Plaintiffs additionally ignore Lowe's' argument that it was motivated financially to install the website technology, rather than an intent to violate law. Plaintiffs have proffered no evidence that Lowe's demonstrated the necessary criminal intent for a violation of CIPA Section 638.51.

Lastly, Plaintiffs' collective pleading style is improper. Collective pleading is permitted "so long as the complaint gives defendants fair notice of the claims against them." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025). Fair notice may not be satisfied if there are multiple defendants and claims "and the complaint fails to differentiate among them." *Id.* The Opposition cites *Briskin*, but that complaint "generally describe[d] *each company's role* in the alleged data collection and monetization scheme." *Id.* (emph. added). That is far from the case here. In fact, Plaintiffs have failed to ascribe *any* of the actions to either defendant: the *entire FAC* pleads every allegation against Lowe's collectively. Thus, neither Lowe's Companies nor Lowe's Home Centers have received fair notice of the claims against them.

## III. CONCLUSION

For all of the foregoing reasons, Lowe's respectfully requests that the Court dismiss Plaintiffs' FAC in its entirety with prejudice.

Dated: July 11, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Michael A. Kushner
Andrew C. Burnquist

*Attorneys for Defendants*
LOWE'S COMPANIES, INC. and
LOWE'S HOME CENTERS, LLC