Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Andrew C. Burnquist (SBN 359076)
aburnquist@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Michael A. Kushner (SBN 335840)
mkushner@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Blvd., Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

Attorneys for Defendant
LOWE'S COMPANIES, INC. and
LOWE'S HOME CENTERS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUSTIN BRADSHAW, and GUSTAVO LOPEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

LOWE'S COMPANIES, INC., a North Carolina corporation, and LOWE'S HOMES CENTERS, LLC, a North Carolina limited liability company,

Defendants.

Case No.: 3:25-cv-00742-DMS-MMP

Assigned to the Hon. Dana M. Sabraw

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF AVI JOSEFSON SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

[Filed Concurrently with Reply to Motion to Dismiss]

Action Filed: March 28, 2025

Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Lowe's") hereby objects to and moves to strike the following specific portions of the Declaration of Avi Josefson ("Josefson Decl.") submitted in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Class Action Complaint [Dkt. #19] as follows:

| **Material Objected to:** | **Grounds for Objection:** | **Ruling:** |
|---|---|---|
| **Josefson Decl., ¶ 2 at 1:8-12 & Exhibit 1**:<br><br>Attached as Exhibit 1 is a true and correct copy of the registration data lookup tool results for the Lowes.com (the "Lowes Website") domain name, which was generated by visiting https://lookup.icann.org/en and searching for "lowes.com" on or around June 27, 2025. | **Lacks Personal Knowledge/ Foundation**. FRE 602. The declaration provides no foundation for the website https://lookup.icann.org/en or that the document attached as Exhibit 1 is what it purports it to be. Mr. Josefson does not state who operates the website. He also does not state that he created the screenshot (or identify who did). In short, Mr. Josefson has not shown any personal knowledge regarding how the webpage was accessed, who created the screenshot, how it was created, the webpage's purpose, or where the webpage's information originated. *See, e.g.*, *Iglesia Ni Cristo v. Cayabyab*, Case No. 18-cv-00561-BLF, 2020 WL 1531349, at *4 (N.D. Cal. Mar. 31, 2020) (citing cases) ("INC offers no testimony from the person who took the screenshots in question, or any other evidence to authenticate the screenshots. Under similar circumstances, district courts within the Ninth Circuit have found screenshots of internet content to be inadmissible at summary judgment."). | Sustained:<br>Overruled:<br><br>— |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

| **Material Objected to:** | **Grounds for Objection:** | **Ruling:** |
|---|---|---|
| | **Irrelevant**. FRE 401-403. The proffered testimony does not have a tendency in reason to prove or disprove any disputed fact of consequence to the determination of the Motion. As the Reply to Motion to Dismiss explains, listing Lowe's Companies, Inc. as a "tech administrator" does not evidence that it exercised control over the lowes.com website ("Website") for purposes of assessing personal jurisdiction. Rather, this listing simply allows Lowe's Companies, Inc., the parent company in this situation, to provide comprehensive solutions and consistency for the entire organization and does not directly indicate Lowe's Companies, Inc. controls the Website.<br><br>**Inadmissible Hearsay**. FRE 802. Mr. Josefson offers an out-of-court statement from the lookup.icann.org website to prove the truth of the matters allegedly stated therein. Exhibit 1, and the information derived therefrom, do not fall within any exception because Mr. Josefson has not attested and cannot attest given his lack of personal knowledge regarding the screenshot to the foundational facts necessary to establish any of the exceptions set forth in FRE 803.<br><br>**Speculation/Inadmissible Conclusion**. The declaration does not contain facts that substantiate the conclusions rendered by Mr. Josefson thereby making such statements pure | Sustained:<br>Overruled:<br><br>Sustained:<br>Overruled:<br><br>Sustained:<br>Overruled: |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

| **Material Objected to:** | **Grounds for Objection:** | **Ruling:** |
|---|---|---|
| | speculation and inadmissible. *See Slevin v. Home Depot*, 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (a declaration based on speculation is irrelevant and should not be considered). | |

Dated: July 11, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Michael A. Kushner
Andrew C. Burnquist

*Attorneys for Defendants*
LOWE'S COMPANIES, INC. and
LOWE'S HOME CENTERS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA