**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Don Bivens (*pro hac vice* forthcoming)
(don@donbivens.com)
Teresita T. Mercado (*pro hac vice* forthcoming)
(teresita@donbivens.com)
**DON BIVENS PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Tel: (602) 762-2661

*Counsel for Plaintiffs*

[Additional counsel listed on signature page.]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUSTIN BRADSHAW, and GUSTAVO LOPEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

LOWE'S COMPANIES, INC., a North Carolina corporation, and LOWE'S HOMES CENTERS, LLC, a North Carolina limited liability company,

Defendants.

Case No.: 3:25-cv-00742-DMS-MMP

*Assigned to the Hon. Dana M. Sabraw*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF AVI JOSEFSON SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Filed concurrently with:

1. *Declaration of Timothy G. Fleming in Further Support of Plaintiffs' Opposition to Motion to Dismiss*

Plaintiffs Justin Bradshaw and Gustavo Lopez ("Plaintiffs") hereby submit the following Response to Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC's (collectively, the "Defendants") Evidentiary Objections to Declaration of Avi Josefson Submitted in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 21).

Plaintiffs respond as follows:

| Matter Objected to | Lowe's Objections | Plaintiffs' Responses |
|---|---|---|
| **Josefson Decl., ¶ 2 at 1:8- 12 & Exhibit 1:**<br><br>Attached as Exhibit 1 is a true and correct copy of the registration data lookup tool results for the Lowes.com (the "Lowes Website") domain name, which was generated by visiting https://lookup.icann.org/en and searching for "lowes.com" on or around June 27, 2025. | **Lacks Personal Knowledge/ Foundation.** FRE 602. The declaration provides no foundation for the website https://lookup.icann.org/en or that the document attached as Exhibit 1 is what it purports it to be. Mr. Josefson does not state who operates the website. He also does not state that he created the screenshot (or identify who did). In short, Mr. Josefson has not shown any personal knowledge regarding how the webpage was accessed, who created the screenshot, how it was created, the webpage's purpose, or where the webpage's | **The Website Is Subject To Judicial Notice**. Defendants here do not question that the Exhibit represents authentic screenshots from the ICANN website. As multiple courts have held, courts may "take[] judicial notice of . . . ICANN records, as the accuracy of those results are not subject to reasonable dispute." *SmileDirectClub, LLC v. Berkely*, 2018 WL 8131096, at *4 (C.D. Cal. Oct. 26, 2018); *PragmaticPlay Int'l Ltd. v. Agenpragmaticplay.live*, 2024 WL 113306, at *2 n.3 (D. Ariz. Jan. 10, 2024) (taking judicial notice of ICANN records). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial," and serves as a "shortcut past the 'heavy-footed common law system of proof by witnesses and authenticated documents' for facts beyond any reasonable dispute." *Moreno v. Ross* |

| Matter Objected to | Lowe's Objections | Plaintiffs' Responses |
|---|---|---|
| | information originated. *See, e.g.*, *Iglesia Ni Cristo v. Cayabyab*, Case No. 18-cv-00561-BLF, 2020 WL 1531349, at *4 (N.D. Cal. Mar. 31, 2020) (citing cases) ("INC offers no testimony from the person who took the screenshots in question, or any other evidence to authenticate the screenshots. Under similar circumstances, district courts within the Ninth Circuit have found screenshots of internet content to be inadmissible at summary judgment.").<br><br>**Irrelevant.** FRE 401-403. The proffered testimony does not have a tendency in reason to prove or disprove any disputed fact of consequence to the determination of the Motion. As the Reply to Motion to Dismiss explains, listing Lowe's | *Island Sand & Gravel Co.*, 2015 WL 5604443, at *2 (E.D. Cal. Sept. 23, 2015) (citations omitted). As a result, when materials are subject to judicial notice, courts overrule objections on such grounds as "lack of foundation and personal knowledge," as well as "hearsay." *Brown v. Camp Pendleton & Quantico Hous., LLC*, 2025 WL 880128, at *11 (S.D. Cal. Mar. 21, 2025).<br><br>**The Declaration of Timothy G. Fleming Cures Any Foundation Defects.** Even if the ICANN website contents were not subject to judicial notice, and they are, the Declaration of Timothy G. Fleming in Opposition to Defendants' Motion to Dismiss, filed concurrently herewith, attests how he personally created the Exhibit. "Because this declaration remedies any authentication defects, the [printout] is properly before the Court." *Medlink Health Sols., LLC v. Maddox Def. Inc.*, 2024 WL 4175126, at *1 (S.D. Cal. Sept. 12, 2024) (allowing declaration attached to reply).<br><br>**ICANN's WHOIS** |

| Matter Objected to | Lowe's Objections | Plaintiffs' Responses |
|---|---|---|
| | Companies, Inc. as a "tech administrator" does not evidence that it exercised control over the lowes.com website ("Website") for purposes of assessing personal jurisdiction. Rather, this listing simply allows Lowe's Companies, Inc., the parent company in this situation, to provide comprehensive solutions and consistency for the entire organization and does not directly indicate Lowe's Companies, Inc. controls the Website.<br><br>**Inadmissible Hearsay.** FRE 802. Mr. Josefson offers an out-of-court statement from the lookup.icann.org website to prove the truth of the matters allegedly stated therein. Exhibit 1, and the information derived therefrom, do not fall within any exception because Mr. | **Database Falls Within The Hearsay Exception of FRE 803(17).** Federal Rule of Evidence 803(17) provides a hearsay exception for "compilations that are generally relied on by the public or by persons in particular occupations." ICANN's database is the "directory" that "contains information identifying the owners of a domain name," *Facebook, Inc. v. OnlineNIC Inc.*, 2022 WL 2289067, at *1 n.2 (N.D. Cal. Mar. 28, 2022), *rpt. & recommend. adopted*, 2022 WL 17371092 (N.D. Cal. Oct. 17, 2022), and is relied on by courts. *See, e.g.*, *HMS Stores, LLC v. RGM Distrib., Inc.*, 2015 WL 1299750, at *2 (C.D. Cal. Mar. 3, 2015) (relying on WHOIS to determine when domain name was registered). Courts have found that "WHOIS is a public database that courts have relied upon in order to ascertain the party who has registered a domain name" and "that WHOIS search results come within the hearsay exception noted in Federal Rule of Evidence 803(17)." *EarthLink, Inc. v. Ahdoot*, 2005 WL 8154298, at *8 (N.D. Ga. Feb. 1, 2005). |

| Matter Objected to | Lowe's Objections | Plaintiffs' Responses |
|---|---|---|
| | Josefson has not attested and cannot attest given his lack of personal knowledge regarding the screenshot to the foundational facts necessary to establish any of the exceptions set forth in FRE 803.<br><br>**Speculation/Inadmissible Conclusion.** The declaration does not contain facts that substantiate the conclusions rendered by Mr. Josefson thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-36 (N.D. Cal. 2000) (a declaration based on speculation is irrelevant and should not be considered). | **The Website Printout Readily Satisfies The Relevance Standard.** "Under Federal Rule of Evidence 401, relevance depends on whether the evidence 'has any tendency to make a fact more or less probable than it would be without the evidence. The standard for relevance is a very low bar that is easily met.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Doyle*, 2025 WL 1755821, at *4 (E.D. Cal. June 25, 2025) (citation omitted). Here, the fact that Lowe's Companies, Inc. was the "Tech Administrator" for lowes.com makes the fact that it controls the website "more . . . probable."<br><br>**The Josefson Declaration Does Not Contain Any Speculation.** As Defendants' own authority shows, simply reciting facts without any conclusion is not improper speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 827 (N.D. Cal. 2000) (rejecting speculation objection where the statement did "not include any conclusion"). |

DATED: July 17, 2025

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson (admitted *pro hac vice*)
(avi@blbglaw.com)
Michael Blatchley (admitted *pro hac vice*)
(michaelb@blbglaw.com)
Timothy Fleming (admitted *pro hac vice*)
(timothy.fleming@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

**DON BIVENS PLLC**
Don Bivens (*pro hac vice* forthcoming)
(don@donbivens.com)
Teresita T. Mercado (*pro hac vice* forthcoming)
(teresita@donbivens.com)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Tel: (602) 762-2661

*Counsel for Plaintiffs*