**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Don Bivens
(don@donbivens.com)
Teresita T. Mercado
(teresita@donbivens.com)
**DON BIVENS PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Tel: (602) 762-2661

*Counsel for Plaintiffs*

[Additional counsel listed on signature page.]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUSTIN BRADSHAW, and GUSTAVO LOPEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LOWE'S COMPANIES, INC., a North Carolina corporation, and LOWE'S HOMES CENTERS, LLC, a North Carolina limited liability company,

Defendants.

Case No.: 3:25-cv-00742-DMS-MMP

*Assigned to the Hon. Dana M. Sabraw*

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Justin Bradshaw and Gustavo Lopez ("Plaintiffs") hereby submit the following brief response to Defendants Lowe's Companies, Inc.'s and Lowe's Home Centers, LLC's (collectively, the "Defendants") Notice of Supplemental Authority (ECF No. 24).

Defendants submit an order from the United States Court of Appeals for the Ninth Circuit in *Popa v. Microsoft Corporation*, 2025 WL 2448824 (9th Cir. Aug. 26, 2025) ("*Microsoft*") affirming dismissal of a claim arising under Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA"). Like many of the cases Defendants cite in their brief (ECF No. 17), *Microsoft* does not address the only statute at issue in this case, the California Invasion of Privacy Act ("CIPA"), and involves the use of a different technology than that used by Defendants here. In *Microsoft*, the Court held that the plaintiff failed to allege a "concrete" injury to establish Article III standing under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) because the harm the plaintiff-website user allegedly suffered was not "remotely similar" to the privacy harms recognized at common law. *Microsoft*, 2025 WL 2448824, at *5. That alleged harm flowed from the defendant's collection (but not sharing) of the content of their interactions with defendant's website, *i.e.*, to identify the products sold on the website that "interested" plaintiffs and not any "embarrassing, invasive, or otherwise private information," *Id*. Respectfully, the differences between the facts in *Microsoft* and those here demonstrate why Plaintiffs have adequately alleged Article III standing.

*First*, Plaintiffs here have alleged a concrete and particularized harm that was not before the Ninth Circuit in *Microsoft*. Specifically, Plaintiffs have alleged that Defendants secretly collected personally identifiable information and shared this information with third parties without Plaintiffs' knowledge or consent and without compensating Plaintiffs for the value of their personal information. ¶¶2-3 (alleging that the Defendants "collected something of value each time [Plaintiffs] visited the Lowes Website: [Plaintiffs'] personal identifying information"). As the Supreme

Court in *TransUnion* and the Ninth Circuit have held, such a monetary harm constitutes a concrete injury. *See, e.g., In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 599-601 (9th. Cir. 2020) (plaintiffs alleged economic injury by the defendant's unauthorized collection and "use of their information for profit"); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 940 (N.D. Cal. 2023) (plaintiffs had standing because Google did not compensate them for use of their data). *Microsoft* does not hold otherwise, and does not even address any allegation that the defendant took something of value from the plaintiff. "The most obvious harms are tangible harms, such as physical harms and monetary harms," and if "a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion*, 594 U.S. at 425 (2021).

*Second*, the session replay technology at issue in *Microsoft* differs greatly from the Web Trackers at issue in this case, and an examination of such differences reveals why Plaintiffs have alleged the exact kind of privacy harm that the Ninth Circuit found lacking in *Microsoft*. The session replay technology in *Microsoft* records a user's interactions with a particular website, allowing website operators to gather statistics specific to a certain website such as which portions of a website have high user engagement, how far users generally scroll on a website, and the total clicks in a part of the website. As the Ninth Circuit put it, this tracking amounts to a "store clerk's observing shoppers in order to identify aisles that are particularly profitable or to spot potential problems that disrupt sales." *Microsoft*, 2025 WL 2448824, at *5. By contrast, Lowe's Web Trackers in this case are embedded in a user's browser, collect personally identifying information about each user whose data is then shared with third parties without Plaintiffs' consent, and are used by Defendants and those third parties to build a profile of a specific user over time. ¶¶28-47. In other words, the privacy violation in this case closely resembles traditional privacy harms recognized at common law of the kind the *Microsoft* court described and held to constitute concrete injuries, as illustrated by the examples

provided in the Restatement (Second) of Torts. *Microsoft*, 2025 WL 2448824, at *5. While *Microsoft* reiterated that the harm need not "require an exact duplicate in American history and tradition" (*Id.* at *4), the alleged harm in this case (that Lowe's installed a pen register on Plaintiffs' browser) falls squarely within the Restatement's illustration of conduct supporting a claim of intrusion upon seclusion: where a defendant "taps [the plaintiff's] telephone wire and installs a recording device to make use of [the plaintiff's] conversations," the defendant has invaded the plaintiff's privacy. Restatement (Second) of Torts § 652B cmt. b, illus. 3; *see also Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *3-4 (S.D. Cal. Jul. 13, 2023) (Sabraw, J.) (alleged CIPA violation for intercepting website chats analogous to traditional privacy harm and sufficient to confer standing).

*Third*, nothing in *Microsoft* disturbed this Circuit's prior pre-*TransUnion* case law establishing that the harm here is sufficient to confer standing. Specifically, in *Microsoft*, the Ninth Circuit reaffirmed its prior holding that plaintiffs had alleged a concrete injury in *Facebook* through the defendant's use of a plug-in that "track[ed] users' browsing histories when they visit[ed] third-party websites," which defendant then compiled "into personal profiles which [were] sold to advertisers"—*i.e.*, strikingly similar data collection and sharing techniques as employed by Defendants' Web Trackers here. ¶¶3, 22-47; *Microsoft*, 2025 WL 2448824, at *7 (quoting *Facebook*, 956 F.3d at 596). In doing so, the Ninth Circuit held that *Facebook* was consistent with *TransUnion* because it "accounted for the individual circumstances giving rise to the plaintiffs' alleged injuries." *Microsoft*, 2025 WL 2448824, at *8. Similarly, the circumstances here involve Defendants' secret collection of personally identifiable information that they shared with third parties to build specific user profiles in order to profit, the same kind of injury in *Facebook* and a traditional privacy harm giving rise to a claim at common law. *TransUnion*, 594 U.S. at 425; Restatement (Second) of Torts § 652B cmt. b, illus. 3. For the same reasons, *Microsoft* does not disturb the numerous other decisions holding similar CIPA

violations like those here sufficiently allege a concrete injury. *Greenley v. Kochava*, 684 F. Supp. 3d 1024, 1040 (S.D. Cal. 2023) (website users whose information is secretly collected by web trackers have standing to assert claims for damages under CIPA); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2016 WL 3543699, at *8 (S.D. Cal. June 29, 2016) (finding CIPA standing because "a violation of CIPA involves more tangible rights than a technical violation" of a statute because it "implies a violation of privacy rights").

For these reasons and those set forth in prior briefing, Defendants' motion to dismiss should be denied.

DATED: September 5, 2025

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson (admitted *pro hac vice*)
(avi@blbglaw.com)
Michael Blatchley (admitted *pro hac vice*)
(michaelb@blbglaw.com)
Timothy Fleming (admitted *pro hac vice*)
(timothy.fleming@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

**DON BIVENS PLLC**
Don Bivens
(don@donbivens.com)
Teresita T. Mercado

(teresita@donbivens.com)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Tel: (602) 762-2661

*Counsel for Plaintiffs*